MEMORANDUM **
Daniel Renard appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir.2007), and we affirm.
The district court properly dismissed Renard’s procedural due process claim because Renard failed to show he had a state-created right to free long-term anchorage in San Diego Bay. See id. at 902-OS (“[Property interests giving rise to a due process claim ... are created and their dimensions are defined by existing rules or understandings that stem from state law.”) (quotation marks, citations, and ellipses omitted); see also Graf v. San Diego Unified Port Dist., 7 Cal.App.4th 1224, 1232, 9 Cal.Rptr.2d 530 (1992) (“Boaters do not have a constitutional right to unregulated long-term anchorage in public navigable waters.”).
The district court properly dismissed Renard’s substantive due process claim because his asserted right to free long-term anchoring in a public body of water is not a right that can be considered “so rooted in the traditions and conscience of our people as to be ranked as fundamental.” *576 Reno v. Flores, 507 U.S. 292, 303, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993) (quotation marks and citations omitted).
We do not consider Renard’s contentions concerning dismissal of claims that were not realleged in the operative complaint. See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997) (“It is the law of this circuit that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint.”). Moreover, we do not consider new issues that Renard raises for the first time on appeal. See Cold Mountain v. Garber, 375 F.3d 884, 891 (9th Cir.2004) (“In general, we do not consider an issue raised for the first time on appeal.”).
Renard’s remaining contentions lack merit.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.